# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| RONNIE EUGENE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV409-083 |
| | ) |
| PENNY HAAS FREESEMANN, | ) |
| GEORGE R. ASINC, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Disagreeing with the ultimate sentence that he received in *State v. Williams*, CR93-1735 (Chatham County, Georgia Superior Court), Ronnie Eugene Williams brings this 42 U.S.C. § 1983 case against the prosecutor (defendant George R. Asinc) and sentencing judge (Penny Haas Freesemann) in that case, claiming that they violated his due process rights by increasing his sentence when the judge lacked authority to do so. More specifically, plaintiff complains that Asinc presented and Freesemann signed a sentence-correction order *after* the expiration of a state law time limit authorizing such orders. Doc. 1 at 5-6; *see also* doc. 1-2 at 3 (March 20, 2000 "Corrected Sentence": "The Court having

originally imposed sentence in the above cited case on February 3, 1994, and it having been brought to the attention of the Court that the written sentence form was mistaken in that it did not speak the truth, not accurately reflecting the oral sentence pronounced on by the Court on February 3, 1994, in that the sentence form did not accurately reflect the recidivism aspect of the sentence, the Court hereby corrects the sentence form as follows. . . .").

Thus, plaintiff concludes, the defendants violated his due process and other federal rights when they increased his sentence "a number of years after the court term without authority to do so . . . ." *Id.* at 7. He also moves for leave to proceed in forma pauperis, and to support it he has presented an inmate-account, withdrawal authorization form. Docs. 2, 3. Finally, he seeks "compensatory damages individual capacities," plus punitive damages and "injunctive relief against any retaliation that might occur at the time of this [lawsuit]." Doc. 1 at 8.

The Court **GRANTS** plaintiff's IFP motion, doc. 2, but under 28 U.S.C. §1915A[1] recommends that his case be dismissed with prejudice.

---

[1] Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub.L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures

First, plaintiff's own pleadings[2] and attached documents show that he received all the process that he is due:

> Generally, a sentence may not be suspended, probated, modified or changed after the term of court or 60 days from the date on which the sentence was imposed, whichever time is greater. OCGA § 17-10-1(a); *State v. Hinson*, 164 Ga.App. 66, 296 S.E.2d 386. Any sentence which is modified after this time period is void unless it is for a misdemeanor under OCGA § 17-10-3(a)(1) (*See* OCGA § 17-

---

is the requirement for this Court to conduct an early screening of any civil complaint in which a detainee seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the detainee's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.*; *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). Therefore, the Court will examine William's complaint to determine whether he has stated a colorable claim for relief under 42 U.S.C. § 1983.

[2] Pro se pleadings are held "to a less stringent standard than pleadings drafted by an attorney." *Hall v. Sec'y for Dep't of Corr.*, 2008 WL 5377741 at * 1 (11th Cir. Dec. 24, 2008) (unpublished) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (quotations omitted). And "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1964-65). Thus, while specific facts are not necessary under the notice pleading standard, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), a plaintiff must himself allege a non-conclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). The Court cannot simply "fill in the blanks" to infer a claim. *See Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D.Ga. Feb. 18, 2009) (unpublished) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).

> 10-3(b)), or unless a motion to modify the sentence was made during the term of court in which the sentence was filed (*Burns v. State*, 153 Ga.App. 529, 530, 265 S.E.2d 859). "In *Hopper v. Williams*, 238 Ga. 612, 234 S.E.2d 525 (1977), the Supreme Court held that a superior court in the exercise of its inherent power to correct its records to reflect the truth, may correct a written sentence which does not conform to the sentence pronounced orally, and that such action does *not* constitute a modification of the sentence." *Taylor v. State*, 157 Ga.App. 212(1), 276 S.E.2d 691.

*Dover v. State*, 393 S.E.2d 760, 762 (Ga. App. 1990) (emphasis added); *see also State v. Hart*, 587 S.E.2d 164, 166 (Ga.App. 2003) (motion filed in sentencing court, 22 months after sentence was imposed, was proper procedure for defendant to ask court to correct errors in recording of sentence so as to conform sentence to court's intention at time sentence was originally imposed); J. GOGER, GA. CRIMINAL TRIAL PRACTICE § 26-1 (Dec. 2008). The truthful correction of a mere transposition error (e.g., a sentencing judge announces "ten" years but the clerk mistypes "one" into the paper judgment, then the judge fails to note it before signing it) is not a modification, but merely a correction to reflect the judge's actual, original intent. The defendants here thus did not violate state law, which is an indispensable building block needed for a due process claim.

4

Second, Williams never alleged that the defendants acted beyond the scope of their offices. Hence, they are immune from any money damages claim in any event. Judges, it must be remembered,

> enjoy absolute immunity from liability for their judicial acts. "It is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L.Ed. 646 (1872). Judicial immunity provides immunity from suit itself, not merely from the ultimate assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Judicial immunity remains intact despite allegations that the act was taken in error, done maliciously, or in excess of authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

*Dent v. Snider*, 2009 WL 890582 at * 2 (S.D.Ga. Apr. 1, 2009) (unpublished). And prosecutors are also immune in this area. *Van De Kamp v. Goldstein*, ___ U.S. ___, 129 S.Ct. 855, 861-65 (2009) (upholding prosecutor's absolute immunity in all activities that are intimately associated with the judicial phase of the criminal process); *Robert v. Abbett*, 2009 WL 902488 at * 12 (M.D.Ala. Mar. 31, 2009) (unpublished).

Finally, plaintiff's plea for injunctive relief is deficient on its face:

> Injunctive relief is warranted upon a showing of threatened injury. To be entitled to an injunction, the plaintiff must establish that he or she has sustained, or is immediately in danger of sustaining, some direct injury as a result of the challenged conduct The injunction will not issue unless there

5

is an imminent threat of illegal action. In other words, the injury or threat of injury must be real and immediate, not conjectural or hypothetical. Courts cannot determine the rights of parties in advance of an actual controversy between them, and the power to grant injunctive relief is not exercised to allay mere apprehension of injury at an indefinite future time. The apprehension of injury must be well-grounded, which means that there is a reasonable probability that a real injury for which there is no adequate remedy at law will occur if the injunction is not granted. Courts should abstain from injunctive relief if the controversy is not ripe for judicial resolution.

42 AM. JUR. 2D *Injunctions* § 32 (May 2009) (footnotes omitted). Here Williams at most openly worries that someone *could* retaliate against him for raising habeas-based claims here. That simply does not suffice.

Accordingly, the Court **GRANTS** plaintiff's IFP motion, doc. 2, but his complaint should be **DISMISSED WITH PREJUDICE**, and this result will constitute a 28 U.S.C. § 1915(g) strike. *See Rivera v. McNeil*, 2009 WL 1154118 at * 2 (S.D.Fla. Apr. 24, 2009) (unpublished).

**SO REPORTED AND RECOMMENDED** this  19th  day of May, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**